IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRENDA MOTE,                          )
                                      )
                Plaintiff,            )
                                      )
        v.                            )    No. 05 C 6212
                                      )
AETNA LIFE INSURANCE COMPANY,         )
et al.,                               )
                                      )
                Defendants.           )

MEMORANDUM OPINION AND ORDER

In partial response to this ERISA-based action brought against them by Brenda Mote ("Mote"), Aetna Life Insurance Company ("Aetna") and Arthur Andersen LLP Group Long Term Disability Plan ("Plan") initially filed a Counterclaim seeking to impose a constructive trust on the funds that had assertedly been overpaid to Mote by reason of her disability. When Mote responded with a motion to dismiss that Counterclaim under Fed. R. Civ. P. ("Rules") 12(b)(1) and 12(b)(6), Aetna and Plan responded by filing (1) a First Amended Counterclaim, which added an unjust enrichment claim under what they characterize as the "federal common law of ERISA," and (2) a memorandum responding to Mote's motion to dismiss. Then at the previously-scheduled March 20 status hearing this Court directed Mote's counsel to file a reply in support of the motion to dismiss, in part because Mote's counsel had not had an opportunity to speak to the added unjust enrichment claim.

Immediately after that status hearing, this Court has

received the current week's <u>United States Law Week</u>, which in part reflects that the United States Supreme Court will hear argument on March 28 in a case emanating from the Fourth Circuit, <u>Sereboff v. Mid Atl. Med. Servs., Inc.</u>, 407 F.3d 212 (4th Cir. 2005). It is certain that the Supreme Court's ruling in that case, which will be forthcoming before the end of the current Term, will cast light on (or may indeed be dispositive of) the Aetna-Plan constructive trust claim, and it may well bear on the newly-advanced unjust enrichment claim as well. Accordingly this Court's directive for Mote's March 30 filing of a reply memorandum is vacated, and consideration of the motion to dismiss will be deferred until the <u>Sereboff</u> decision comes down.

In the meantime, this Court sees no reason why Mote's own claim should not go forward in terms of any discovery that may be required, although any discovery that would potentially bear solely on the First Amended Counterclaim is stayed. This Court's next status hearing date of April 27, 2006 will remain in place.

Although what follows is not occasioned by consideration of the Aetna-Plan counterclaim, in the course of reviewing that subject this Court discovered that for some unknown reason the Aetna-Plan Answer and Affirmative Defenses ("ADs") that were the opening portions of their responsive pleading that included the original Counterclaim was not part of this Court's chambers file. As a result this Court has not had (or taken) the opportunity to

address the sufficiency of that responsive pleading. And because it turns out to contain a number of fundamental flaws, this opinion goes on to address those.

To begin with, Aetna and Plan impermissibly decline to answer portions of the Complaint on the premise that those portions "contain legal conclusions to which no responsive pleading is necessary" (Answer ¶¶1, 2, 3 and 7). That is simply wrong--see App. ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Those paragraphs of the Answer are stricken, with leave of course being granted to file a proper response to the corresponding Complaint allegations.

Next Answer ¶5 follows a proper disclaimer under the second sentence of Rule 8(b) by then denying the allegations at issue. That of course is an oxymoron--how can a party that lacks even the information needed to form a belief as to the truth of an allegation then deny that same allegation in objective good faith? Accordingly the phrase "and therefore denies same and puts Plaintiff to her proof" is stricken.

At several points in the Answer, allegations are sought to be denied because they are purportedly vague (Answer ¶¶6, 7 and 10). Because those quibbles are unwarranted, those Answer paragraphs are stricken, again with leave being granted to replace the impermissible denials with appropriate responses.

Answer ¶¶9 and 12 also provide unsatisfactory responses,

3

this time on the premise that three written documents--a provision of the Plan, the Social Security Act and a Social Security Administration decision--assertedly "speak for themselves." Not so--on that score see App. ¶3 to State Farm. Moreover, even under the undemanding regime of notice pleading that operates in the federal court system, an assertion that allegations are denied "to the extent" that they "are inconsistent with" matters cited by the Complaint is unacceptable. Here too counsel for Aetna-Plan must return to the drawing board.

Finally, some of the ADs do not conform to the concept embodied in Rule 8(c) and the caselaw--in that respect, see also App. ¶5 to State Farm. Here are the problematic ADs:

1. AD 1, which is the essential equivalent of a Rule 12(b)(6) motion, is not a proper AD--and it is wrong to boot when (as required) Mote's allegations are accepted as gospel. AD 1 is stricken without leave to replead.

2. AD 3 is at odds with the allegations in Complaint ¶14. As such, that AD is also stricken without leave to replead.

3. AD 5, essentially a reserved blank check, is inappropriate and is stricken as well.

4. AD 7 asserts the claimed untimeliness of Mote's claim for benefits under the Plan and under ERISA. If that

4

claim is advanced seriously, it must be made the subject of a motion to dismiss on that score, to be filed on or before April 4, 2006, failing which any untimeliness claim will be deemed to have been waived (or forfeited).

5. AD 8 states that ERISA preempts state law--true but irrelevant, because Mote's Complaint advances only a federal ERISA claim. That AD is also stricken without leave to replead.

In summary, the entire Aetna-Plan Answer and ADs are stricken so that a single self-contained responsive pleading can be prepared. Defense counsel are also granted until April 4, 2006 to file that corrected pleading. No charge is to be made to Aetna or Plan by their counsel for the added work and expense incurred in correcting counsel's errors. Counsel for Aetna-Plan are ordered to apprise their clients to that effect by a letter accompanied by a copy of this opinion, with a copy of the letter to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: March 23, 2006